UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| NBSC a division of SYNOVUS BANK, | ) | |
| f/k/a COLUMBUS BANK | ) | |
| AND TRUST COMPANY, | ) | |
| as successor in interest through name change | ) | |
| and by merger with | ) | |
| THE NATIONAL BANK OF | ) | |
| SOUTH CAROLINA, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-40071 |
| | ) | |
| MELVYN H. DEFRIN, MD and | ) | |
| SUZANNE DEFRIN, | ) | |
| | ) | |
|      Defendants, | ) | |

_____)

## VERIFIED COMPLAINT

Plaintiff NBSC a division of Synovus Bank, formerly known as Columbus Bank and Trust Company, as successor in interest through name change and by merger with The National Bank of South Carolina ("Synovus") or ("Plaintiff"), for and as its complaint against Defendants, Melvyn H. Defrin, MD ("M. Defrin") and Suzanne Defrin ("S. Defrin" and together with M. Defrin, the "Defendants"), alleges as follows:

## INTRODUCTION

1.     Synovus files this action to recover unpaid monies due to it under a note and security agreement executed by the Defendants. Synovus asserts causes of action for breach of contract and unjust enrichment.

## PARTIES

2.      Synovus is a banking corporation organized and existing under and pursuant to the laws of the State of Georgia, with its principal place of business in Columbus, Georgia.

3.      M. Defrin is an individual who resides at 49 Colonial Drive, Shrewsbury, Massachusetts 01545.

4.      S. Defrin is an individual who resides at 49 Colonial Drive, Shrewsbury, Massachusetts 01545.

## JURISDICTION

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a note and security agreement, in which the Defendants are the borrowers and debtors and the total amount due, as of August 31, 2017 is $613,645.52; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand dollars ($75,000).

## VENUE

7.      Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district.

## FACTS

8.      On or about July 27, 2014, Defendants executed a "Universal Note and Security Agreement", Loan Number ending in 2950/10, in the amount of six hundred and eighty-one thousand, three hundred and thirty-three dollars and 11/100 ($681,333.11) (the "Note and

Security Agreement"). <u>See</u> Exhibit A, a true and correct copy of the Note and Security Agreement is attached hereto and incorporated herein.

9.      The Note and Security Agreement is secured by a mortgage on real property known as 1st Rem Lot 15, Jasmine Point, Salem, SC 29676 ("<u>Property</u>"), Mortgage of Real Property recorded June 22, 2006, Deed Book 2268 Pages 187-191 Oconee County, SC (the "<u>Mortgage</u>"). <u>See</u> Exhibit B, a true and correct copy of the Mortgage is attached hereto and incorporated herein.

10.      Plaintiff is the current owner and holder of the Note and Security Agreement.

11.      The Note and Security Agreement states that Defendants are in default "if any one or more of the following occur: (1) I fail to make a payment under this note on time or in the amount due; (2) I fail to keep the property insured, if required; (3) I fail to pay, or keep any promise on any debt or agreement I have with you...." <u>See</u> Ex. A.

12.      The Note and Security Agreement further states that:

> I will be in default on this security agreement if I am in default on any note this agreement secures or if I fail to keep any promise contained in this agreement. If I default, you have all the rights and remedies provided in the note and under the Uniform Commercial Code. You may require me to make the secured property available to you at a place which is reasonably convenient. You may take possession of the secured property and sell it as provided by law. The proceeds will be applied first to your expenses and then to the debt. I agree that 10 days written notice sent to my last known address by first class mail will be reasonable notice under the Uniform Commercial Code.

<u>See</u> Ex. A.

13.      The Note and Security Agreement also provides that:

> If I am in default under the terms of this note you have, but are not limited to, the following remedies:
>
> (1)   You may demand immediate payment of all I owe you under this note (principal, accrued unpaid interest and other accrued charges).
> ....

3

(3)   You may demand security, additional security, or additional parties to be obligated to pay this note as a condition for not using any other remedy.
....
(5)   You may use any remedy you have under state or federal laws.
(6)   You may make use of any remedy given to you in any agreement securing this note.
By selecting any one or more of these remedies you do not give up your right to use later any other remedy.

See Ex. A.

14.     The Note and Security Agreement defines "You" as "the lender, it's successor and assigns." See Ex. A.

15.     The Note also contains a provision for "Collection Costs and Attorney's Fees, which states:

> I agree to pay all costs of collection, replevin or any other or similar type of cost if I am in default. In addition, if you hire an attorney to collect this note, I also agree to pay any fee you incur with such attorney plus court costs (except where prohibited by law). To the extent permitted under the United States Bankruptcy Code, I also agree to pay the reasonable attorney's fees and costs you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

16.     Defendants defaulted on their obligations under the Note and Security Agreement and are currently past due for the payment that was owed on Juy 27, 2017.

17.     On August 18, 2017, Defendants were sent a Notice of Default and Right to Cure ("Notice").  See Exhibit C, a true and correct copy of the Notice is attached hereto and incorporated herein.

18.     The Notice indicated that the unpaid balance and interest was due on July 27, 2017 and that "the total balance due under the Note as of August 31, 2017 is $613,645.52 (principal: $604,337.09; interest: $8,058.85; and late charges: $1,249.58), exclusive of attorneys' fees and costs." See Ex. C.

19.     The Notice likewise stated:

<u>Please telephone the undersigned at 617-217-4606 promptly if you have any
questions concerning the matters set forth herein, or if you would like to discuss
the possibility of working out this loan through structuring certain payments
over time and/or other terms of repayment.</u>

<u>See</u> Ex. C (emphasis in original).

20.    Defendants did not contact Plaintiff in response to the Notice.

21.    Such failure to make payment is a default under the terms of the Note and
Security Agreement and entitles Plaintiff to demand immediate payment of all sums due.

## COUNT I
### (Breach of Contract)

22.    Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth
herein.

23.    Under the terms of the Note and Security Agreement, Defendants are obligated
to make a payment of the outstanding principal, interest, and late charges.

24.    Defendants have failed and refused to make such payment to Plaintiff as
required under the terms of the Note and Security Agreement.

25.    Defendants have therefore defaulted on their obligations under the Note and
Security Agreement.

26.    Defendants' breach of the Note and Security Agreement has directly and
proximately caused damage to Plaintiff, including but not limited to, direct damages,
consequential damages, and incidental and special damages.

27.    Injustice can only be avoided by awarding damages, interest, plus costs and
expenses, including attorneys' fees.

28.    Defendants have failed and/or refused to cure the default of the Note and
Security Agreement.

## COUNT II
### (Unjust Enrichment)

29.     Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

30.     Defendants have received benefit under the terms of the Note and Security Agreement.

31.     Defendants have failed or refused to repay Plaintiff for the benefit that they have received, and continue to receive, under the Note and Security Agreement.

32.     As a direct and proximate result of Defendants' wrongful refusal to compensate Plaintiff for the benefit that they have received, and continue to receive under the Note and Security Agreement, Plaintiff has been, and continues to be, harmed.

33.     Defendants are liable for damages that they have directly and proximately caused to Plaintiff.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against the Defendants, and

1.      Enter an award of damages for Defendants' breach of the Note and Security Agreement, inclusive of the outstanding principal and accrued interest and late fees as of the date of the judgment;

2.      Enter an award of damages for Defendants' unjust enrichment;

3.      Enter an award to Plaintiff of its attorneys' fees and costs in connection with this action; and

4.      Such further relief that the Court deems just and necessary.

Respectfully submitted,

NBSC a division of Synovus Bank, formerly
known as Columbus Bank and Trust Company, as
successor in interest through name change and by
merger with The National Bank of South Carolina

By its attorneys,

*/s/ Carl E. Fumarola*
Carl E. Fumarola (BBO# 659019)
Patrick T. Uiterwyk (BBO# 665836)
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
p.  617-217-4700
f.  617-217-4710
carl.fumarola@nelsonmullins.com
patrick.uiterwyk@nelsonmullins.com

## VERIFICATION

I, Glynis Tilley, being duly sworn, do hereby depose and state under oath the following:

1.    I am employed as the Small Business and Commercial Collections Manager for
Synovus.

2.    I have read the Verified Complaint being filed herewith.

3.    I verify that the facts alleged in the Verified Complaint are based on my personal
knowledge and are true to the best of my knowledge, information and belief.

Signed under penalty of perjury this 17th day of May, 2019.

Glynis Tilley
Manager, Sm. Business & Commercial
Collections
NBSC a division of Synovus Bank, formerly
known as Columbus Bank and Trust
Company, as successor in interest through
name change and by merger with The
National Bank of South Carolina